53,947-09

CAUSE # 4880-WR-4

EX PARTE                            §         IN THE 119th District

Brian Avery Hough                   §         Court of Runnels, RECEIVED IN
                                              County, Texas COURT OF CRIMINAL APPEALS

APPLICANT'S TRAVERSE MOTION IN RESPONSE TO RESPONDANT'S        FEB 02 2015
ANSWER, OBJECTING TO SPECIFIC FACTS OF ALLIGATIONS

To the Honorable Court:                              Abel Acosta, Clerk

Now Comes, Brian Avery Hough, and files this his Traverse Motion Objecting to specific facts made in the Respondants answer to his Writ of Habeas Corpus Application Number 4880-WR-4.

Applicant would object to the Respondants Answer that there are no unresolved facts to the legallity of Applicant's LIFE sentence handed down by this Court for the above cause number, Aggravated Sexual Assault of a Child. The Applicant clearly demonstrated in his Application, that he was entitled to a New sentencing Trial, after Direct Appeal, of the Jury's NULL and VOID Premature Life sentence conviction, for the Prosecutor's Wildly Charged Indictment. And that after Direct Appeal he has the Right to be Tried on the TRUE-BILL of INDICTMENT, if any for the lesser included offense indicted for at this actual Grand Jury Indicting Proceeding.

Therefore, Applicant would specifically object to the respondants answer, and show this Court that as of Today Applicant is Still incarcerated under a NULL and VOID LIFE sentence of the Court, in excess of the TRUE-BILL of INDICTMENT handed down by the Grandjury in this actual Arraignment Trial in this Court.

The Applicant would further object to the Respondants answer stating there are NO facts to be resolved, for the reasons Respondant has failed to provide a response to the claims raised in the Application, nor has Respondant waived the claims, and therefore, the claims are preserved for the State to address, by Respondants failure to address the claims or waive the claims.

Applicant would show this Court that this is his Fourth Application filed in this case. And that his first three Applications did not Demonstrate Constitutional Violations and were dismissed, and Applicant was denied relief

1.

by the TEXAS COURT OF CRIMINAL APPEALS in Application Numbers 4880-WR-1,2,and 3. And therefore, Applicant would specifically Request that Relief be GRANTED in Application Number 4880-WR-4 for which is a Successive Writ, that clearly Demonstrates an entitlement to relief of his LIFE sentence, he ie still serving and on his Timesheet.

Applicant's plead in this case was not guilty, and his Appeal had unlimited boundries, and was automatic due to the Life sentence imposed by this same jury. Applicant had unlimited appeal boundries in case number 4880, a conviction alleged to be for Aggravated Sexual Assault of a Child, by a Runnels County jury of the 119th District Court. However, in Applicant's application for Writ of Habeas Corpus 4880-WR-4, He clearly demonstrated that the jury's verdict of guilty for the Aggravated Sexual Assault of a Child was based on the fact that Applicant had been coerced by his defense counsel in Jones County to plead guilty for a 40 year sentence in Jones County where Applicant had also been charged by a Prosecutors Indictment in the 259th District Court of Jones County for Aggravated Sexual Assault in cause number 8563 and a Plain Sexual Assault in cause number 8564, that was alleged to have been dismissed after Applicant was coerced into pleading guilty for 40 years for the Aggravated Sexual Assault in 8563. The case Applicant had no right to Appeal, unless approved by the Trial Judge. It was then after this conviction in Jones County that Applicant is now charged in Runnels County in 4880 for Aggravated Sexual Assault of the Same Victim. Now in Runnels County, and alleged to be convicted by the jury trial on a guilty plead and sentenced to LIFE in prison in the States now lead conviction in 4880.

Applicant would specifically object to respondants answer to Application number 4880-WR-4 whereas it is this Writ that clearly demonstrates how his Jones County conviction in 8563, a 40 year sentence of the judge that Applicant had no right to appeal without permission of the trial judge was entertwined with a NULL and VOID LIFE sentence in 4880 in Runnels County. A conviction Applicant had an absolute right to appeal. And had unlimited boundries and was automatic appeal due to his LIFE sentence. Applicants application clearly demonstrated how the court of appeals was able to affirm a Aggravated Sexual Assault case, of a 40 year sentence from Jones County under a NULL and VOID LIFE sentence out of Runnels County .

And the Court was able to dispose of the plain sexual assault in 8564 in Jones County and excuse the jury in Runnels Counrty after indicting Applicant for the lesser included offense, and reading the NULL and VOID LIFE sentence for the Higher offense of the prosecutors wildly charged indictment in 4880 the State would attempt to hold an illegal LIFE sentence conviction in 4880 the lead conviction of the State. A indictment pending trial for a Lesser Included Offense. For al these facts Applicant would have to Object to the respondants answer that there are no controverted unresolved facts to the legality of Applicants confinement. Applicant is serving a LIFE sentence for a pending indictment out of this court for a lesser offense that carries no more than Twenty years.

Applicant would further object to respondants answer because in his answer respondant fails to show that 4880 has unlimited boundries on appeal and was not a plead bargaining case, Applicants plead was not guilty. However, Applicant demonstrated that due to misconduct of the State entertwining a NOT guilty plead with a guilty plead of Two Different Counties has deprived Applicant of a fair direct appeal. For all these reasons Applicant objects and prays that relief be granted and new sentencing trial be ordered where Applicant can take a proper appeal from any judgment of this Court. That as of toady Applicant has been deprived from fairly challenging. And deprived of a New sentencing Trial he was entitled to after direct appeal. Applicant prays that this Motion be Granted.

## OATH

I Brian Avery Hough do declare under the penalty of perjury, that the above and foregoing contents stated within this Motion. Is True and Correct to the best of my knowledge, pursuant to TEX. CIVIL PRCT AND REM. CODE § 132.001 thur 132.003. also being sent by Certified Return Receipt Mail. #7008 1300 0001 9661 4659.

Brian Avery Hough
TDCJ ID #935346
Connally Unit
899 F.M. 632 Kenedy, Texas
Kenedy, Texas 78119